IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PIA ST. LAWRENCE**<br>10761 77th St, Apt 2<br>Ozone Park, NY, 11417<br><br>                      Plaintiff<br><br>v.<br><br>**CAESARS ENTERTAINMENT, INC.**<br>One Caesars Palace Drive,<br>Las Vegas, NV 89109<br><br>                      Defendants | **CIVIL ACTION NO.** 1:25-cv-15112<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT – CIVIL ACTION

Plaintiff, Pia St. Lawrence, by and through her attorney, Mark. R. Cohen, Esquire, of Morgan & Morgan, PLLC, hereby demands entry of judgment in her favor and against the Defendant, Caesars Entertainment, Inc., for the following reasons:

## JURISDICTION

1. This action arises under 28 U.S.C. § 1332, as Plaintiff is seeking to recover an amount greater than $75,000.00 and Defendants have citizenship diverse from that of the Plaintiff.

2. Venue for this action is proper in this Court under 28 U.S.C. § 1391 as the events giving rise to the Plaintiff's claims occurred within the territorial limits of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, Pia St. Lawrence, is an adult individual, citizen, and resident of the State of New York, residing at the address listed in the caption of this Complaint.

4. Defendant, Caesars Entertainment, Inc, (hereinafter also referred to as "Defendant Caesars"), is a corporation organized and existing under the laws of the State of Nevada with a place of business/administrative address listed in the caption of this Complaint, and which at all

relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises –Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401, specifically an area of the walking path in the casino (hereinafter referred to as "subject premises").

5. At all times material hereto, Defendant Caesars acted by and through their agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees. The identities of these agents, employees, office staff, and maintenance workers who were responsible for providing a safe means of travel through the subject premises free of dangerous conditions as well as inspecting, maintaining, repairing, and/or supervising the area(s) in and around the location where Plaintiff was injured, is better known to Defendant Cesars than they are to the Plaintiff.

## FACTS

6. At all times relevant hereto, which includes June 9, 2024, plaintiff, Pia St. Lawrence, was a business invitee of Defendant Ceasars' resort and casino hotel, Tropicana Atlantic City, located at 2831 Boardwalk, Atlantic City, NJ 08401.

7. At all times material hereto, which includes June 9, 2024, Defendant Ceasars, jointly and/or severally, acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were then and there acting within the course and scope of their employment at Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401.

8. At all times material hereto, which includes June 9, 2024, Defendant Ceasars was responsible for inspecting, remedying, removing, and/or warning of conditions that could cause and/or contribute to defective, dangerous, and/or hazardous conditions of the property, interior premises, walkways, at Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401.

9. At all times material hereto, which includes June 9, 2024, Defendant Ceasars had a duty to keep safe the property, interior premises, walkways of Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401.

10. At all times material hereto, which includes June 9, 2024, Defendant Ceasars was responsible for notifying users, invitees, guests, visitors, and/or licensees of Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401, of the existence of defective, hazardous, and/or dangerous interior conditions that could cause harm and/or injury.

11. At all times material hereto, which includes June 9, 2024, Defendant Ceasars was responsible for notifying its other contractors, sub-contractors, agents, and/or servants of the existence of defective, hazardous, and/or dangerous interior conditions of Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401 and that same should be inspected, remedied, removed, and/or treated.

12. At all times material hereto, which includes June 9, 2024, Defendant Ceasars was responsible for supervising, managing, and/or hiring the employees, contractors, sub-contractors, agents, and/or servants who were responsible for inspecting, preventing, remedying, removing, warning of, and/or treating defective, hazardous and/or dangerous interior conditions at Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401.

13. At all times material hereto, which includes June 9, 2024, Defendant Ceasars acted and/or failed to act by and through their employees, agents, servants, and/or representatives, who were then and there acting within the course and scope of their employment.

14. At all times material hereto, which includes June 9, 2024, Defendant Ceasars was and is responsible for the maintenance, upkeep, repairs, and/or operations of Tropicana Atlantic City located at 2831 Boardwalk, Atlantic City, NJ 08401.

15. On or about June 9, 2024, Plaintiff, Pia St. Lawrence, was legally on the subject premises when, as a result of the negligence and/or carelessness of Defendant Caesars, Plaintiff was caused to slip and fall suddenly and without warning due to an unknown liquid that was left on the walking path inside the casino, which created an unreasonably dangerous condition on the subject premises.

16. The defective, dangerous, and/or hazardous condition that caused plaintiff, Pia St. Lawrence, to slip and fall existed for a period of time prior to the fall such that Defendant Ceasars, through the performance of their obligations and/or responsibilities, knew and/or should have known of its existence and dangerousness – such that said defective, dangerous, and/or hazardous condition could and/or should have been successfully fixed, remedied, and/or removed prior to plaintiff's fall.

17. The defective, dangerous, and/or hazardous, condition that caused plaintiff, Pia St. Lawrence, to slip and fall existed for a period of time prior to the fall that Defendant Ceasars, through the performance of their obligations and/or responsibilities, should have warned plaintiff of the impending danger posed by said defective, dangerous and/or hazardous condition.

18. The defective, dangerous, and/ or hazardous, condition that caused plaintiff, Pia St. Lawrence, to slip and fall was created and/or facilitated by the unreasonable actions and/or inactions of Defendant Ceasars.

19. The mechanism, product(s), property defect and/or events that caused and/or created the defective, dangerous and/or hazardous condition that caused plaintiff, Pia St. Lawrence, to slip and fall were known and/or should have been known to Defendant Ceasars prior to plaintiff's slip and fall – such that said mechanism, product(s), property defect and/or events that caused and/or created the defective dangerous and/or hazardous condition that caused this slip

and fall could have been successfully remedied, repaired, and/or removed prior to plaintiff's fall.

20. The mechanism, property defect, and/or events that caused and/or created the defective, dangerous and/or hazardous condition that caused plaintiff, Pia St. Lawrence, to slip and fall existed for a period of time prior to the slip and fall such that Defendant Ceasars, through the performance of their obligations and/or responsibilities, should have warned plaintiff of the impending danger posed by said mechanism, property defect, and/or events.

21. As a result of her June 9, 2024, slip and fall, plaintiff, Pia St. Lawrence, suffered severe and/or permanent bodily injuries and/or scarring – conditions that are and/or will be addressed by qualified medical witness(es).

22. At all times material hereto, plaintiff, Pia St. Lawrence, acted in a careful, cautious, reasonable, and prudent manner and was free from any comparative negligence.

23. At all times material hereto, plaintiff, Pia St. Lawrence, was free from any comparative negligence and did not in any manner assume the risk of injury and/or accident.

24. The aforementioned incident and resulting injuries and/or damages were due in no part whatsoever to any act or failure to act on the part of plaintiff, Pia St. Lawrence.

25. Prior to the June 9, 2024 incident, Defendant Ceasars, was aware of the defects and/or actions and/or inactions that caused and/or contributed to the defective, dangerous, and/or hazardous condition that caused plaintiff's slip, fall, and injury.

26. The dangerous and/or defective condition(s), which substantially contributed to plaintiff, Pia St. Lawrence's June 9, 2024 slip and fall existed for such a period of time so as to allow Defendant Ceasars ample time to remedy the dangerous condition.

27. Defendant Ceasars should have ascertained the condition of all walkways, surface, and areas of the interior premises to ensure it was safe and should have managed and maintained

it so that it was safe to walk upon at all times relevant hereto.

## NEGLIGENCE
## PLAINTIFF, PIA ST. LAWRENCE
## v.
## DEFENDANT CAESARS ENTERTAINMENT, INC.

28. Plaintiff, Pia St. Lawrence, incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

29. The aforesaid accident was caused by the individual careless, reckless, and/or negligent conduct of Defendant Ceasars.

30. The aforementioned incident and resulting injuries and/or damages sustained by plaintiff, Pia St. Lawrence, directly and proximately resulted from the joint and/or several negligence, carelessness, and/or recklessness of Defendant Ceasars, and consisted of, but was not limited to, the following:

    a. failing to exercise the proper care, custody and control over the subject premises;

    b. failing to inspect, maintain, and/or repair the subject premises for dangerous conditions, such as a wet floor;

    c. failing to undertake timely monitoring, inspections, and care of the subject premises for dangerous conditions, such as a wet floor;

    d. failing to prevent and/or remove a dangerous condition on the subject premises;

    e. creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the subject premises, such as a wet floor, frequently in use by the general public and open to business invitees such as the Plaintiff;

    f. ignoring a dangerous condition, such as a wet floor, in an area of the premises where business invitees were known to travel;

    g. failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the subject premises;

    h. failing to provide signage and/or warnings indicating that a slippery or dangerous condition, such as a wet floor, existed on the subject premises;

i. failing to remove the dangerous and hazardous condition, such as a wet floor, from the subject premises;

j. failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous conditions, such as a wet floor, on the subject premises;

k. failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;

l. failing to exercise reasonable care for the safety of the Plaintiff;

m. permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant knew, or should have known, of the dangerous and hazardous conditions, such as a wet floor, which existed;

n. failing to discover a dangerous and hazardous condition on the subject premises which posed a significant risk of serious bodily injury to invitees upon inspection of the subject premises;

o. appreciating the likelihood that Plaintiff, other business invitees and/or members of the public would traverse the subject premises, but failing to remedy a dangerous and hazardous condition on the subject premises despite having sufficient time to do so; and

p. disregarding a dangerous and hazardous condition on the subject premises which posed a significant risk of serious bodily injuries to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

q. Failing to regard the rights, safety and position of the plaintiff in and about the area of the aforementioned accident;

r. Permitting a defective, dangerous, and/or hazardous condition(s) to exist on or about the premises where the defendant knew and/or should have known that persons would be subject to falling and sustaining injury;

s. Creating a defective, dangerous, and/or hazardous condition(s) in the area where plaintiff fell;

t. Failing to inspect, maintain and/or remove a defective, dangerous, and/or hazardous condition(s) from the area of the aforementioned accident in a reasonable, adequate and/or prudent manner;

u. Failing to cover and/or restrict access to the defective, dangerous, and/or hazardous condition(s) of the interior walkway in the area of the aforementioned accident in a

  reasonable, adequate and/or prudent manner;

v. Failing to issue adequate warnings and/or direction, verbal, written, actual and/or constructive, to persons who would likely encounter the defective, dangerous, and/or hazardous condition(s) that existed on defendant's premises in and about the area of the plaintiff's aforementioned accident;

w. Permitting and allowing invitees, like plaintiff, to walk in, on and about the area of the plaintiff's aforementioned accident when said defendant knew or should have known of the defective, dangerous, and/or hazardous condition(s) that existed;

x. Failing to post adequate warning signs, warning tape, warning cones, illumination warnings, barriers and/or barricades in an effort to alert invitees of the defective, dangerous, and/or hazardous condition(s) that existed;

y. Failing to hire and/or train competent employees, agents and/or contractors to regularly and/or adequately inspect the interior premises for defective, dangerous, and/or hazardous condition(s), and/or to correct or treat said condition(s) in a timely fashion;

z. Failing to hire and/or train competent employees, agents and/or contractors to remove, remediate and/or warn of defective, dangerous, and/or hazardous condition(s);

aa. Failing to regularly supervise and/or monitor employees, agents and/or contractors who were responsible for inspecting the interior premises for defective, dangerous, and/or hazardous condition(s);

bb. Failing to regularly supervise and/or monitor employees, agents and/or contractors who were responsible for removing, remedying and/or warning of defective, dangerous, and/or hazardous condition(s);

cc. Failing to adequately maintain the subject interior area, walkways, so as to avoid creating, or allowing to remain for an unreasonably long time, an unreasonable risk of harm to employees, guests, pedestrians, and/or invitees such as plaintiff, Pia St. Lawrence;

dd. Failing to utilize reasonable care in the inspection, maintenance, correction and/or treatment of the subject interior area, walkways, in question;

ee. Failing to request, institute and/or supervise periodic inspection of the premises in question;

ff. Failing to utilize reasonable care in the inspection, maintenance, correction and/or treatment of the area where plaintiff fell;

gg. Failing to develop and/or follow safe and prudent policies and procedures for the removal of defective, dangerous, and/or hazardous condition(s) from interior areas, walkways;

hh. Failing to develop and/or follow safe and prudent policies and procedures for the inspection of interior areas, walkways;

ii. Failing to remove defective, dangerous, and/or hazardous condition(s) in a prudent and safe manner;

jj. Permitting defective, dangerous, and/or hazardous condition(s) to remain in a form that was dangerous to employees, guests, pedestrians and/or invitees;

kk. Failing to notify parties responsible for removing and/or remedying dangerous conditions of then-existing dangerous conditions; and/or

ll. negligence per se for violating State, county, city and/or township laws statutes, codes, ordinances and/or building codes governing exterior walkways, surfaces, and/or pavement and/or the removal and/or inspection of dangerous, defective, and/or hazardous interior conditions.

31. As a direct and proximate result of the negligent and/or careless conduct of Defendant Ceasars, Plaintiff, Pia St. Lawrence, has suffered, suffers, and/or continues to suffer serious and/or permanent injuries to her body, organs, nerves, muscles, tendons, and/or tissue including, but not limited to: left knee tear, left knee injury and pain, recommendation for left knee surgery, thoracic and lumbar sprain, strain, and disc bulges, lumbar sprain, strain, and disc bulges, contusion bilateral shoulders, bilateral shoulder pain, bilateral knee contusion, bilateral knee pain, back pain, radiculopathy, contusion of left hip, suprapatellar bursitis of left knee, as well as other ills and injuries, all to Plaintiff's great loss and detriment – some of which or all of which injuries are or may be permanent in nature and/or will continue for an indefinite period in the future. Plaintiff, Pia St. Lawrence, also makes a claim for such injuries, damages, and consequences described by her medical providers and/or of which she has no present knowledge.

32. As a direct and proximate result of the aforementioned joint and/or several negligent, careless, and/or reckless conduct of Defendant Ceasars, and resulting injuries and/or

damages, plaintiff, Pia St. Lawrence, has been deprived, is deprived and/or may continue to be deprived of the ordinary pleasures of life.

33. As a direct and proximate result of the aforementioned joint and/or several negligent, careless, and/or reckless conduct of Defendant Ceasars, and resulting injuries and/or damages, plaintiff, Susan Goulet, has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical treatment, medical aids, medicines, and/or similar medical and/or medically related instrumentalities and/or modalities.

34. As a direct and proximate result of the aforementioned joint and/or several negligent, careless, and/or reckless conduct of Defendant Ceasars, and resulting injuries and/or damages, Plaintiff, Pia St. Lawrence, has incurred and may incur medical expenses and income losses she may be entitled to recover.

35. As a direct and proximate result of the aforementioned joint and/or several negligent, careless, and/or reckless conduct of Defendant Ceasars, and resulting injuries and/or damages, Plaintiff suffered lost wages and/or loss of earning capacity.

**WHEREFORE**, Plaintiff, Pia St. Lawrence, demands judgment against Defendant Ceasars, individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, interest, costs of suit, attorney's fees and such other and further relief as this court deems just.

**MORGAN & MORGAN, PLLC**

By: /s/ Mark R. Cohen
MARK R. COHEN, ESQUIRE
**Morgan & Morgan, PLLC**
**2005 Market Street, Suite 350**
**Philadelphia, PA 19103**
215-488-5352
mark.cohen@forthepeople.com

Dated: August 29, 2025                    *Counsel for Plaintiffs*